UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00521-GNS

AMINATA THIOUNE                                                           PETITIONER

v.

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES, et al.                                 RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondents' Motion to Dismiss (DN 13). The motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED**.

### I.   STATEMENT OF FACTS

Petitioner Aminata Thioune ("Thioune") filed this action alleging violations of the Immigration and Naturalization Act ("INA"), the Administrative Procedure Act ("APA"), and her due process rights, and challenging the denial of her application for naturalization. (Pet. ¶¶ 20-22, DN 1). As Defendants in this action, Thioune has named the United States Citizenship and Immigration Services ("USCIS"), the United States Department of Homeland Security, and various individuals serving as officers or employees of the federal government. (Pet. ¶¶ 4-13).

Respondents moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Resp'ts' Mot. Dismiss 1, DN 13). Respondents contend that Thioune's APA claim is precluded by the INA. (Resp'ts' Mem. Supp. Mot. Dismiss 3-4, DN 13-1). Respondents also argue that the Court should

dismiss the claims asserted against Respondent U.S. Attorney General William P. Barr ("Barr").[1] (Resp'ts' Mem. Supp. Mot. Dismiss 2-3).

## II. STANDARD OF REVIEW

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a petitioner bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a petitioner's establishment of jurisdiction in the petition and require the Court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id*. In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The petitioner bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

When considering a Rule 12(b)(6) motion, a court "must construe the [petition] in the light most favorable to [the petitioner] . . . ." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). Courts must also accept all of a petitioner's allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this standard is satisfied when a

---

[1] While Respondents initially moved to dismiss the claims asserted against other named Respondents, Respondents have since withdrawn that request except as to Barr. (Resp'ts' Reply Mot. Dismiss 1, DN 16).

petitioner "pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. DISCUSSION

#### A. APA Claim

Respondents move to dismiss Thioune's claim under the APA pursuant to Fed. R. Civ. P. 12(b)(1). (Resp'ts' Mem. Supp. Mot. Dismiss 3-4). Respondents contend that the APA does not provide any remedy for Thioune because of the remedy specifically provided for in the INA. (Resp'ts' Mem. Supp. Mot. Dismiss 3-4). In her response, Thioune has not cited to any authority explicitly supporting her argument that the INA does not preclude her from asserting a separate claim under the APA.

In relevant part, the APA provides that "[a]gency action[s] made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. As the Supreme Court has explained, however, "[w]hen Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *see also Johnson v. Vilsack*, 833 F.3d 948, 955 (8th Cir. 2016) ("[Section] 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." (alteration in original) (quoting *Bowen*, 487 U.S. at 903)).

In this case, Thioune is challenging the denial of her naturalization application, which is governed by the INA. That law, however, specifically provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall

3

be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). Other courts addressing this issue have held that the judicial review provided for in the INA precludes review under the APA. *See Anton v. Lynch*, No. 15-20241-CIV-ALTONAGA/O'Sullivan, 2015 WL 12671386, at *3 (S.D. Fla. July 6, 2015) ("A number of courts have held because there is an adequate remedy under section 1421(c), an APA claim seeking similar relief must be dismissed." (citation omitted)); *Johnson*, 833 F.3d at 956 (concluding that the APA did not provide a basis for judicial review when "Congress has provided an adequate alternative remedy under another statute . . . ." (citations omitted)).

Accordingly, the INA precludes Thioune from asserting a separate claim for review under the APA. The Court will dismiss her APA claim against Respondents.

B.      **Official Capacity Claims**

Respondents also seek dismissal of the official capacity claim asserted against Barr pursuant to Fed. R. Civ. P. 12(b)(6). (Resp'ts' Reply Mot. Dismiss 1). In opposing the motion, Thioune argues that government officials have only limited immunity from claims for damages. (Pet'r's Resp. Resp'ts' Mot. Dismiss 1-3, DN 15). Thioune's argument, however, is irrelevant because she does not request damages in her Petition.[2] Because Thioune has failed to articulate a legal basis for any claim against Barr, the Court will dismiss the claims asserted against him.

---

[2] As Respondents note, the INA provides for an action seeking review of a naturalization application against the USCIS. (Resp'ts' Mem. Supp. Mot. Dismiss 2 (citing 8 C.F.R. § 336.9(b))).

4

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss (DN 13) is **GRANTED**. Respondent William P. Barr is **DISMISSED** as a party to this action, and Petitioner's claim for relief under the Administrative Procedure Act is **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

April 13, 2020

cc: counsel of record